|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | Colleen Harrington, | Case No.: 2:18-cv-00009-APG-PAL |
| 4 | Plaintiff | **Order Granting Defendant's Motion to Dismiss** |
| 5 | v. | [ECF No. 8] |
| 6 | State of Nevada, ex rel. Nevada System of Higher Education, College of Southern Nevada, | |
| 8 | Defendants | |

Colleen Harrington sued her employer, the College of Southern Nevada (CSN), for violations of the Fourteenth Amendment under 42 U.S.C. § 1983, Title VII, Nevada Revised Statutes § 613.340, and the Equal Pay Act/Fair Labor Standards Act (FLSA).[1] CSN moves to dismiss the complaint.[2] Harrington voluntarily dropped her § 1983 claim in response to CSN's motion, so I grant the motion to dismiss that claim. Because the State of Nevada, and thus CSN,[3] is immune from suit under the FLSA, I dismiss that claim with prejudice. I also find that Harrington has failed to plead sufficient facts to state a claim for retaliation, so I dismiss that claim without prejudice.

//

//

---

[1] ECF No. 1.

[2] ECF No. 8.

[3] CSN is a branch of the State University governed by a Board of Regents, as created in the Nevada Constitution, Art. 11, sec. 4. It is sued by naming the State of Nevada, ex rel. Board of Regents of the Nevada System of Higher Education on behalf of the College of Southern Nevada. Nev. Rev. Stat. §§ 396.020, 41.031(2). The named defendant in this case is the State of Nevada, but I refer to the defendant as CSN because that is the entity alleged to have caused Harrington's injury.

## I. BACKGROUND

Harrington is a tenured professor at CSN.[4] In August 2016 she filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination.[5] Just over a year later, she filed a second charge of discrimination alleging retaliation for filing her first EEOC complaint.[6] Harrington received a notice of right to sue for the retaliation charge on October 17, 2017,[7] and filed her complaint in this case on January 3, 2018.[8]

Harrington alleges that after she filed her initial charge of discrimination with the EEOC, CSN "engaged in a pattern of retaliation and harassment" that included:

- Denial of tenure in retaliation for filing an EEOC complaint
- Refusal or delay in using her textbook
- Exclusion from meetings
- Refusal to communicate regarding work-related issues
- Hostile demeanor, and
- Other acts of retaliation and discrimination[9]

Harrington further asserts that she was paid less than her male peers for certain work, or not paid at all for work for which male peers were paid.[10]

---

[4] ECF No. 1 at ¶ 38.
[5] *Id.* at ¶ 15.
[6] *Id.* at ¶¶ 16, 18.
[7] *Id.* at ¶ 17.
[8] ECF No. 1. Harrington also filed an amended complaint (ECF No. 16) along with her opposition to the motion to dismiss. The amended complaint was not timely filed to qualify as an amendment as a matter of right under Federal Rule of Civil Procedure 15(a)(1). Harrington did not obtain CSN's consent or leave of the court to file it under Rule 15(a)(2). Therefore, the original complaint remains the operative complaint.
[9] ECF No. 1 at ¶ 18.
[10] *Id.* at ¶ 19.

Harrington's complaint asserts three causes of action: violations of the Equal Protection Clause of the Fourteenth Amendment under § 1983; retaliation in violation of Title VII and § 613.340; and violation of the Equal Pay Act/FLSA. CSN moves to dismiss all three claims. CSN contends that it is entitled to sovereign immunity from Harrington's FLSA claim because it is an arm of the State. CSN also contends that it is not a "person" who can be sued under § 1983. Finally, CSN argues that Harrington's complaint does not allege enough facts to support her allegations of retaliation and therefore fails to state a claim for relief.[11] In Harrington's opposition, she abandons her § 1983 claim. As to her claims of retaliation and violations of the FLSA, she argues that Congress abrogated states' sovereign immunity for FLSA claims and that she has pleaded enough facts to support her retaliation claim.

## II. **DISCUSSION**

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[12] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[13] The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."[14] "Factual allegations must be enough to rise above the speculative level."[15] To survive a motion to

---

[11] ECF No. 8 at 3–4.

[12] FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[14] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).

[15] *Twombly*, 550 U.S. at 555.

3

dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[16]

District courts must apply a two-step approach when considering motions to dismiss.[17] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[18] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[19] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[20] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[21] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[22] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief."[23] When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.[24] "Determining whether a complaint states a plausible claim for

---

[16] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[17] *Id.* at 679.
[18] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[19] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.
[20] *Iqbal*, 556 U.S. at 678.
[21] *Id.* at 679.
[22] *Id.* at 663.
[23] *Id.* at 679 (internal quotation marks and citation omitted).
[24] *Twombly*, 550 U.S. at 570.

4

relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense."[25]

**A.    Harrington's § 1983 claim is dismissed with prejudice.**

Harrington withdraws her § 1983 claim in her opposition to CSN's motion to dismiss.[26] Therefore, I dismiss that claim with prejudice.

**B.    CSN is entitled to sovereign immunity for Harrington's FLSA[27] claim.**

CSN argues that it is entitled to sovereign immunity because it is an arm of the State of Nevada. Harrington responds that Congress abrogated sovereign immunity through the text of the FLSA.

"Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state."[28] Congress can abrogate state sovereign immunity if it both (1) unequivocally expresses its intent to do so, and (2) acts pursuant to a valid exercise of power.[29]

The parties agree that Congress expressed intent to abrogate state sovereign immunity through the FLSA, which explicitly includes state employees, public agencies, and other state employers in its definitions.[30] The Supreme Court has held that similar references to the "State"

---

[25] *Iqbal*, 556 U.S. at 679.

[26] ECF No. 19 at 6.

[27] Harrington's complaint titles this claim as "Violation of the Equal Pay Act/Fair Labor Standards Act." ECF No. 1. The Equal Pay Act is the common title for the 1963 amendments to the FLSA. Harrington's Equal Pay Act claim is therefore the same as her FLSA claim.

[28] *Mitchell v. Franchise Tax Bd.*, 209 F.3d 1111, 1115–16 (9th Cir. 2000), *abrogated on other grounds as recognized by Hibbs v. Dep't of Human Res.*, 273 F.3d 844, 853 n.6 (9th Cir. 2001).

[29] *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996).

[30] *See* 29 U.S.C. §§ 203(d), (e)(2)(C), and (x).

in conjunction with language authorizing suit in federal court were sufficient to constitute intent to abrogate.[31]

Consequently, the question is whether Congress acted pursuant to a valid exercise of power. In *Seminole Tribe of Florida v. Florida*, the Supreme Court held that Congress cannot abrogate state sovereign immunity by means of its Article I Commerce Clause powers.[32] In that case, the Court expressly overruled *Pennsylvania v. Union Gas*,[33] a case in which the Court held that the Commerce Clause gave Congress power to abrogate state sovereign immunity.[34] "The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."[35] Therefore, absent waiver, a state is immune from suit in federal court for violations of the FLSA.

A waiver of sovereign immunity will be found "only where stated 'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'"[36] Under Nevada Revised Statutes § 41.031(3), the State of Nevada has explicitly refused to waive its sovereign immunity conferred under the Eleventh Amendment. CSN is thus immune from suit under the FLSA in federal court, so I dismiss Harrington's FLSA claim.

---

[31] *Seminole*, 517 U.S. at 56–57.

[32] *Id.* at 72–73.

[33] *Pennsylvania v. Union Gas*, 491 U.S. 1 (1989).

[34] *Seminole*, 517 U.S. at 66.

[35] *Id.* at 72–73. *See also*, *Quillin v. State of Or.*, 127 F.3d 1136, 1138 (9th Cir. 1997) ("Like the statute at issue in *Union Gas*, [the] FLSA was passed pursuant to the Commerce Clause," and absent waiver "federal courts lack jurisdiction to review" FLSA claims brought against the State or its agencies.).

[36] *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

## C. Harrington fails to state a claim for Title VII and § 613.340 retaliation.

Harrington alleges that after she filed the 2016 EEOC charge for discrimination, she was subjected to "a pattern of retaliation and harassment," including denial of tenure, refusal to use her textbook, exclusion from meetings, refusal to communicate about work matters, hostile demeanor, and "other acts of retaliation and discrimination."[37]

Title VII prohibits retaliation by making it unlawful "for an employer to discriminate against any of [its] employees or applicants for employment . . . because [she] has opposed any practice made an unlawful employment practice by this subchapter."[38] To establish a prima facie case of retaliation, "a plaintiff must show (1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two."[39] Because discrimination and retaliation claims under Nevada law are substantially similar to federal claims under Title VII, I will focus on Title VII.[40]

CSN argues that Harrington fails to allege an adverse employment action and a causal connection between the filing of her EEOC complaint and the complained-of activity.[41] "An action is cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity."[42] "To show the requisite causal link," a plaintiff must

---

[37] ECF No. 1 at ¶ 18.

[38] 42 U.S.C. § 2000e-3(a).

[39] *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000).

[40] *See Pope v. Motel 6*, 114 P.3d 277, 281 (Nev. 2005) (relying on Title VII cases to interpret § 613.340).

[41] ECF No. 8 at 6. CSN asks me to take judicial notice of the publicly available meeting minutes for the Nevada System of Higher Education Board of Regents in which Harrington was granted tenure. Even if I considered the meeting minutes, they do not support dismissal. Harrington suggests that her damages arose from an earlier denial of tenure, therefore the fact that she was eventually awarded tenure does not prevent her from possibly stating a claim.

[42] *Ray v. Henderson*, 217 F.3d 1234, 1243 (9th Cir. 2000).

allege facts "sufficient to raise the inference that her protected activity was the likely reason for the adverse action."[43] A plaintiff's complaint must also contain sufficient facts to allow for an inference "that the defendant was aware that the plaintiff had engaged in protected activity."[44]

Harrington has failed to sufficiently plead a claim for Title VII retaliation. Her complaint is sparse, lacking plausible factual allegations that would lead to an inference of a causal connection between the filing her initial EEOC complaint and the complained-of actions by CSN. She simply alleges that the complained-of actions happened after she filed her initial EEOC complaint. She gives no dates for any of the alleged retaliatory conduct, making it impossible to determine whether the events were close enough in time to infer causation. Finally, Harrington's complaint is silent as to whether or when CSN knew about her initial EEOC complaint. Absent factual allegations giving examples of retaliatory conduct, dates, or a time range for the complained-of activity, Harrington's complaint does not state a plausible claim for retaliation. Therefore, I dismiss Harrington's retaliation claim but grant her leave to amend if she can assert additional facts to state a plausible claim.

If Harrington amends her complaint, she also should plead additional facts supporting her allegations of adverse employment actions. Harrington's allegations of denial of tenure and the refusal to use her textbook are sufficiently pleaded. But her other allegations, such as "exclusion from meetings," "refusal to communicate," "hostile demeanor," and "other acts of retaliation,"[45] are too vague and conclusory to show plausible entitlement to relief. If Harrington wishes to pursue those allegations, she must plead additional facts to support them.

---

[43] *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).

[44] *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *opinion amended on denial of reh'g*, 2003 WL 21027351 (9th Cir. May 8, 2003).

[45] ECF No. 1 at ¶ 18.

## III. CONCLUSION

IT IS THEREFORE ORDERED that **the defendant's motion to dismiss (ECF No. 8) is granted.** Plaintiff Colleen Harrington's § 1983 claim is dismissed with prejudice. Her FLSA claim is dismissed without prejudice. Her Title VII and § 613.340 retaliation claim is dismissed without prejudice. Plaintiff may file an amended complaint by September 28, 2018. The failure to do so will result in the closing of this case.

DATED this 6th day of September, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE