# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| COLLEEN E. HARRINGTON, | Case No.: 2:18-cv-00009-APG-BNW |
| Plaintiff, | **Order Granting Defendant's Motion For Summary Judgment** |
| v. | [ECF No. 86] |
| STATE OF NEVADA, ex rel. NEVADA SYSTEM OF HIGHER EDUCATION/COLLEGE OF SOUTHERN NEVADA, | |
| Defendant. | |

Plaintiff Colleen Harrington sues her employer, the College of Southern Nevada (CSN), for a "pattern of retaliation" that followed her filing a gender discrimination charge with the Equal Employment Opportunity Commission (EEOC).  As relevant here, Harrington filed two separate charges with the EEOC: the first in 2016 and the second in 2017.[1]  Together, these charges allege that CSN personnel discriminated against her on the basis of gender and then engaged in retaliatorily acts.  Specifically, she alleges CSN denied or delayed the use of her textbook, denied her tenure, and prevented her from acquiring the department chairperson position.[2]  She contends these actions constitute retaliation in violation of Title VII of the Civil Rights Act of 1964.

---

[1] Harrington also filed a third charge in 2018. ECF No. 88-5.  Because she did not amend her complaint in this matter to reflect her 2018 charge after receiving a right to sue letter, those allegations are not before the court despite being in the parties' motion briefs.  To the extent that Harrington discusses the 2018 charge allegations in her Second Amended Complaint (SAC), she did so prematurely because she had not fully exhausted administrative remedies on that charge before she filed the SAC.  And any allegations arising after Harrington filed her 2018 charge are similarly not before the court.

[2] She also alleges CSN excluded her from meetings and department decision-making and attempted to prevent her from serving as advisor to a student organization.

1    CSN moves for summary judgment, arguing that most of Harrington's allegations are
2 procedurally barred because they are either unexhausted or untimely.  Regarding the only
3 surviving allegation—that Harrington was prevented from serving as chairperson of CSN's
4 Department of Criminal Justice in retaliation for filing EEOC charges—CSN argues that
5 Harrington cannot demonstrate a causal link between the alleged retaliation and her protected
6 activity.  Harrington responds that all her allegations are actionable because of their relatedness
7 to her single, procedurally sound EEOC charge.

8    I grant CSN's motion for summary judgment.  Harrington is procedurally barred from
9 bringing any claim based on actions that do not fall within her 2017 EEOC charge.  And her
10 retaliation claim alleging exclusion from the department chair position fails as a matter of law.

11 **I.     BACKGROUND**

12    Harrington is a professor in the Department of Criminal Justice at CSN.  In 2016, she
13 filed a charge with the EEOC alleging sex discrimination. ECF No. 87-1 at 6.  In that charge she
14 claimed that CSN subjected her to disparate treatment relative to her male peers in both
15 compensation and the use of her textbook. *Id.*  She received a right to sue letter in August 2017
16 but there is no evidence that she filed suit in the subsequent 90 days. *Id.* at 21.

17    On October 5, 2017, she filed a second EEOC charge alleging retaliation for the filing of
18 her first charge. ECF No. 87-2 at 6.  In that charge, she alleged "unequal terms or conditions of
19 employment" and retaliation in response to her first charge. *Id.*  While not explicitly described in
20 the charging document, Harrington's second amended complaint filed in this case alleges that the
21 filing of her second EEOC charge was motivated by CSN's attempts to prevent her from
22 advising a student organization, to prevent other faculty members from using her textbook, and
23

to deny her tenure.  The second charge was also based on the department allegedly preventing

Harrington from becoming the new department chairperson in April 2017.

Harrington states that, prior to the 2011 chairperson election, the department's staff

internally agreed to deviate from official CSN policy of holding normal, general elections and

instead decided to elect chairpersons on a rotating basis in order of seniority. ECF No. 91-12 at

2-3.  Harrington states that a previous department chairperson described this informal policy to

her in detail during her hiring process, and that four other faculty members shared additional

policy details over the years. *Id.*  She states that the department deviated from the rotation policy

in 2017 (when she was next in line to be chairperson based on seniority) and instead reverted to

CSN's formal, open-election policy, causing her to lose the chairperson position. *Id.*  In response

to her allegations, CSN presents the college's official electoral policy and Harrington's

deposition testimony acknowledging that, in the past, chairpersons were elected. ECF Nos. 87-16

at 2-7; 87-6 at 13-14.  CSN's official policy does not involve electing chairpersons in order of

seniority. ECF No. 87-16.  Harrington received a right to sue letter for the second EEOC charge

on October 17, 2017 and timely filed her complaint with this court on January 3, 2018. ECF No.

1 at 2.

Harrington's first complaint in this case alleged violations of Title VII, 42 U.S.C. § 1983,

Nevada Revised Statutes (NRS) § 613.340, and the Fair Labor Standards Act (FLSA).  CSN

moved to dismiss Harrington's complaint. ECF No. 8.  I granted CSN's motion, dismissing

Harrington's § 1983 claim with prejudice, and her FLSA, Title VII, and NRS § 613.340 claims

without prejudice. ECF No. 25 at 9.  I permitted Harrington to file a second amended complaint,

and she did so on September 28, 2018.[3] ECF No. 26.  In her now-operative second amended complaint, she alleges only retaliation under Title VII. *Id.* at 7.  Harrington's counsel withdrew in December 2019 and she now proceeds pro se. ECF No. 46.

CSN moves for summary judgment.  It contends that allegations arising from or related to the 2016 EEOC charge are procedurally barred because Harrington did not sue within 90 days of receiving her first right to sue letter.  CSN similarly contends that many of the allegations related to the 2017 EEOC charge did not arise within the 180 days that preceded her filing of that charge, so they are procedurally barred here as untimely.  CSN contends that the only actionable period of alleged misconduct arises out of Harrington's 2017 EEOC charge and spans from April 8, 2017 to October 5, 2017 because of EEOC filing limitations.  If CSN is correct, then the chairperson election dispute is the only actionable matter before the court, as it is the only allegation to occur within that timeframe.  Regarding that allegation, CSN argues that Harrington fails to establish a prima facie case for retaliation.

Harrington responds that her many discrete claims should not be procedurally barred because they all sufficiently relate to the actionable allegations presented in her 2017 EEOC charge.  In response to CSN's attacks on her prima facie case for retaliation, Harrington reasserts her position that a rotation policy existed.

II.   **ANALYSIS**

Summary judgment is proper where a movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

---

[3] While the motion to dismiss was pending, Harrington filed an amended complaint. ECF No. 16. She did not obtain CSN's consent or my permission to file that pleading as required by Federal Rule of Civil Procedure 15(a), so I treated the original complaint as the operative complaint. *See* ECF No. 25 at 2 n.8.

56(a).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  The moving party bears the initial burden of informing the court of the basis of its motion and the absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  When the nonmoving party has the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Celotex* 477 U.S. at 325; *see also Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000) (stating that the moving party can meet its initial burden by "pointing out through argument . . . the absence of evidence to support plaintiff's claim").

Once the moving party carries its burden, the non-moving party must "make a showing sufficient to establish the existence of [the disputed] element to that party's case." *McGrath v. Liberty Mutual Fire Ins. Co.*, 836 F. App'x 551, 552 (9th Cir. 2020) (quotation omitted). Finally, I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

## A.  Procedural Bar on Allegations

Under Title VII, a plaintiff must comply with two limitation periods. *Scott v. Gino Morena Enters.*, 888 F.3d 1101, 1106 (9th Cir. 2018).  First, "a claimant must exhaust administrative remedies by filing a charge with the EEOC . . . within 180 days after the allegedly unlawful employment practice occurred." *Id.* (citing 42 U.S.C. § 2000e-5(e)(1)).  Second, after receiving a right to sue letter from the EEOC, "a claimant has 90 days to file a civil action." *Id.* (citing 42 U.S.C. § 2000e-5(f)(1)).  Failure to meet these deadlines may result in dismissal unless

1   the plaintiff alleges a hostile work environment or has an equitable basis[4] to excuse the

2   procedural defect. *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1852 (2019); *Nat'l R.R.*

3   *Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002).

4        Harrington filed charging documents for alleged malfeasance in 2016 and 2017.  But she

5   did not file a lawsuit after receiving the right to sue letter for her 2016 charge. ECF Nos. 49 at 4;

6   54 at 2 (concurring on this point).  As a result, the allegations associated with Harrington's 2016

7   EEOC charge are procedurally barred for failure to sue within the statutorily mandated window.

8        Harrington argues for an exception to this procedural bar, claiming that all allegations are

9   based on continuing acts of retaliation and should be considered part of her 2017 EEOC charge.

10  CSN responds that the continuing violations doctrine applies only to hostile work environment

11  claims, not to the discrete acts that she alleges.

12       Discrete acts "are not actionable if time barred, even when they are related to acts alleged

13  in timely filed charges." *Morgan*, 536 U.S. at 113; *see also Scott*, 888 F.3d at 1112.  An act is

14  discrete when it occurred on a particular day or at a particular time and is independently

15  actionable. *Morgan*, 536 U.S. at 114.  "Hostile environment claims are different in kind from

16  discrete acts." *Id.* at 115.  The employment practices at issue in hostile environment claims

17  cannot be said to occur on any one day, and one instance of the practice is not independently

18  actionable. *Id.*  Instead, cumulative consideration of multiple acts is necessary to establish a

19

20

---

21  [4] Because Title VII's charge-filing requirements are procedural not jurisdictional, equitable

22  arguments like waiver, estoppel, and tolling may influence the rigidity with which courts enforce
    such requirements. *Sommatino v. U.S.*, 255 F.3d 704, 708-11 (9th Cir. 2001); *see also Fort Bend*

23  *County v. Davis*, 139 S. Ct. 1843, 1850 (2019) (holding that charge-filing obligations are
    procedural rather than jurisdictional).  Equitable considerations are not relevant here, however,
    as Harrington has not raised any.

1  claim. *Id.*  A plaintiff may present barred allegations alongside procedurally compliant

2  allegations only if the plaintiff alleges a hostile work environment. *Id.* at 122.

3       Harrington's argument of continuing retaliation fails because her allegations concern

4  discrete acts.  CSN personnel's alleged acts took place at specific points in time and are

5  independently actionable under theories of discrimination and retaliation.  For example,

6  Harrington's allegation that department personnel thwarted her rotation into the chairperson

7  position is based on specific moments in time when the department allegedly reverted to its prior

8  policy, held its election, and named another chairperson.  The allegation is independently

9  actionable in the sense that it, standing alone, could constitute an act of discrimination or

10 retaliation.

11      Similarly, Harrington's allegation that the department denied her tenure is based on a

12 specific moment when Ms. Hayes chose not to recommend her for tenure track. ECF No. 87-3 at

13 8.  This allegation is independently actionable because an unfavorable tenure evaluation could

14 alone constitute an act of discrimination or retaliation.  Both the refusal to approve Harrington's

15 textbook and the prevention of Harrington from advising a student organization constitute

16 discrete acts for the same reasons. *See Morgan*, 536 U.S. at 114-15 (providing that termination,

17 failure to promote, denial of transfer, and refusal to hire are examples of discrete acts that must

18 each be timely charged, while utterances of racial slurs and epithets are examples of repeated

19 conduct that may be considered cumulatively, even if untimely charged, for purposes of hostile

20 environment claims).

21      Additionally, Harrington did not plead a hostile work environment claim.  She instead

22 asserted only a claim of retaliation under 42 U.S.C. § 2000e-3. ECF No. 26 at 7.  So even if her

23 discrete allegations share a common thread, they must independently comply with all procedural

obligations. *See Morgan*, 536 U.S. at 113.  The allegations associated with the 2016 charge are therefore procedurally barred.  The only actionable timeframe before me is the 180-day period that immediately precedes the filing of Harrington's October 5, 2017 charge.

**B.  Retaliation by Denial of Chairperson Position**

The only incident that occurred during the actionable period is Harrington's allegation that she was impermissibly denied the role of chairperson of her department in retaliation for filing an EEOC claim.  To establish a prima facie retaliation claim, Harrington must demonstrate that: "(1) [she] engaged in a protected activity, (2) [her] employer subjected [her] to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).  Filing a charge with the EEOC is a protected activity. *Id.*  An action is "cognizable as an adverse employment action if it is reasonably likely to deter employees from engaging in protected activity." *Id.* at 1243.  Finally, "[t]o show the requisite causal link, the plaintiff must present evidence sufficient to raise the inference that her protected activity was the likely reason for the adverse action." *Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796 (9th Cir. 1982).  Establishing a causal link also requires "evidence that the employer was aware that the plaintiff had engaged in the protected activity." *Id.*

CSN concedes that Harrington engaged in a protected activity when she filed her 2016 charge of retaliation with the EEOC. ECF No. 86 at 25.  CSN contends, though, that Harrington cannot show an adverse employment action or a causal link between her 2016 EEOC charge and the April 2017 election.  Harrington responds by re-alleging the existence of the rotation policy. She does not otherwise address CSN's allegations of prima facie deficiencies.

Assuming without deciding that the change from a rotation election to a general election could constitute an adverse employment action by CSN, Harrington does not point to evidence from which a reasonable jury could find a causal link between that change and her participation in a protected activity.  Harrington does not present evidence showing who changed the policy, who voted in the election, and whether those people knew of her 2016 EEOC charge at that time. Absent knowledge of the protected activity (the EEOC charge), the voters could not have retaliated against Harrington for filing it.  Harrington does not point to other evidence showing a causal link, including the margin of her defeat; whether all the voters knew about the informal rotation policy or the alleged rescission of that policy; when the alleged rescission took place, by whom, and through what means;  or whether the 2011 and 2014 elections were conducted in a similar or dissimilar manner, such as having multiple candidates running for election in those years.  As a result, Harrington has not shown a genuine factual dispute about whether she suffered an adverse employment action that was causally connected to her 2016 EEOC charge. Thus, CSN is entitled to judgment as a matter of law on the retaliation claim.

### III.   CONCLUSION

I THEREFORE ORDER that defendant CSN's motion for summary judgment **(ECF No. 86) is GRANTED**.  The Clerk of Court is instructed to enter judgment in favor of defendant State of Nevada *ex rel.* Nevada System of Higher Education/College of Southern Nevada and against plaintiff Colleen E. Harrington, and to close this case.

DATED this 23rd day of September, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE